JOHN W. MASON, ET AL V. URBAN RENEWAL OF
NORTH LITTLE ROCK, ARK.

5-4753                                    434 S.W. 2d 614

Opinion Delivered December 16, 1968

*U. A. Gentry* for appellants.

*Byron R. Bogard* for appellee.

JOHN A. FOGLEMAN, Justice. John W. Mason, Willie Mason, Lee Edward Gray, Bernice Allen (nee Gray), Ruby Gray and Vasteen Gray Acklin appeal from an order of the chancery court entered on June 11, 1968 denying

their motion to vacate certain orders and decrees of said court. They contend that the decrees were void for want of jurisdiction. A history of the litigation in which the decrees were rendered is essential to an understanding of the issues.

A decree of divorce was granted Resscie Mason in her suit against John (W.) Mason in the Pulaski Chancery Court in January 1958. The court retained jurisdiction for the purpose of settling the rights of the parties in certain real estate. Shortly after this decree was rendered, Resscie filed an amendment to her complaint for cancellation of certain deeds, alleging that John Mason had fraudulently induced her to join with him in the deeds conveying certain lots to his father (John T. Mason) and his mother (Rosie Mason), by representing that the instruments were mortgages. She alleged that John T. Mason had died, leaving the appellant, John W. Mason, and a brother surviving as his only heirs.

On February 10, 1964, appellee, Urban Renewal Agency of North Little Rock, filed an eminent domain action for the taking of the same lots in Pulaski Circuit Court. Resscie Mason and John W. Mason, Willie Mason and the Unknown Heirs of John T. Mason were made defendants in this action. Resscie Mason filed a motion to transfer this suit to equity, alleging that the Pulaski Chancery Court had retained jurisdiction in the divorce action to determine the rights of the parties in the real estate then taken and that she was the equitable owner of the property. The motion, which was granted, included a prayer that the actions be consolidated. Resscie Mason alleged in her motion that answers to her amendment in the divorce suit had been filed by John W. Mason and Rosie Mason but the matter had lain dormant until the filing of her motion to transfer and consolidate. On March 25, 1965, a decree was entered in the chancery court fixing the value of the property at $8,500 and vesting title in the condemnor. Appear-

ances of John W. Mason and Willie Mason by attorneys W. J. Walker and W. W. Shepherd and Resscie Mason by her attorney were noted in the decree. The Unknown Heirs of John T. Mason defaulted. Rosie Mason had died before the entry of this decree, but the cause had been revived against her heirs John W. and Willie Mason.

Final decree denying cancellation of deeds on the amended complaint of Resscie Mason was entered April 17, 1966. In this decree the interests of the parties in the compensation awarded for the property were determined, and the clerk directed to pay certain sums to the attorneys for the property owners and disburse the funds remaining to the property owners. The appellants who were not original parties to either action had then intervened as the Unknown Heirs of John T. Mason and Rosie Mason and appeared by their attorneys. Each of the appellants was allotted a share of the compensation awarded. The disbursements from the award included payments to the attorneys for appellants for their fees in the case. Disbursements of a part of the balance of the allotted shares were made to each of the appellants, except John W. Mason. His share was disbursed to an intervening creditor who had obtained a judgment against him, to another creditor, to Resscie Mason on account of her claim to personal property arising out of the divorce, and to his brother Willie to whom he had conveyed his interest in a part of the real estate.

It is the contention of appellants that the order transferring the condemnation proceeding to the chancery court and the subsequent orders and decrees of that court were void. They base this contention upon the argument that the equity court acquired no jurisdiction because there had been no challenge to the right of the Urban Renewal Agency to take the property by eminent domain. They also contend that the action taken deprived them of their right to a jury trial in violation of the state and federal constitutions.

We find it unnecessary to consider appellants' contentions because each of the appellants shared in benefits from the decrees of the trial court.    One who shares in the fruits or benefits of a judgment or decree is estopped to challenge its validity, even where there is a want of jurisdiction of the subject matter.    *Morgan* v. *Morgan,* 171 Ark. 173, 283 S.W. 979; *Crain* v. *Foster,* 230 Ark. 190, 322 S.W. 2d 443; *Anderson* v. *Anderson,* 223 Ark. 571, 267 S.W. 2d 316; *Burgess* v. *Naill,* 103 F. 2d 37 (10th Cir. 1939); 49 CJS 884, Judgments, §453. For this reason, the order of the trial court is affirmed.