James E. BUSH *v.* Sherrell BUSH

RC 91-50                                                   816 S.W.2d 590

Supreme Court of Arkansas
Opinion delivered September 23, 1991

*Thomas R. Newman*, for appellant.

*Carolyn Whitefield*, for appellee.

PER CURIAM. Appellant, James E. Bush, through his attorney, has tendered the record in this case, but the clerk has notified his attorney that the record on its face appears to be without the time allotted for docketing. Appellant insists the clerk is in error in refusing to file the record and has filed a motion for a rule on the clerk. *See* Rule 5 of the Rules of the Supreme Court and Court of Appeals. The rule is denied.

On January 30, 1991, the final decree was entered. On that same day the appellant filed a motion for a new trial. On February 8, 1991, he filed a notice of appeal. On February 27, 1991, the Chancellor took his motion under advisement and, on June 24, 1991, denied it. Appellant filed his second notice of appeal on July 15, 1991.

In 1988, we significantly amended Rule 4(c) and (d) in an effort to simplify Arkansas appellate practice.

Rule 4(c) of the Rules of Appellate Procedure now provides:

(c)  *Disposition of Posttrial Motion.* If a timely motion listed in section (b) of this rule is filed in the trial court by any party, the time for appeal for all parties shall run from the entry of the order granting or denying a new trial or granting or denying any other such motion. *Provided, that if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion will be deemed denied as of the 30th day. A notice of appeal filed before the expiration of the 30-day period shall have no effect.* A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion or from the expiration of the 30-day period. No additonal [additional] fees shall be required for such filing. (Emphasis added.)

A part of the Reporter's notes to the foregoing rule provides:

Thus, the 1988 amendment follows the more simplified procedure established in the federal rule, but adds a 30-day "window" for judicial action on postrial motions to prevent problems with excessive delay. Under Rule 4(c), a motion is deemed denied if the trial court neither grants nor denies the motion with 30 days of its filing, and, under Rule 4(d), the time for filing the notice of appeal begins to run at the end of that 30-day period. If, however, an order granting or denying the motion is acted upon within the 30-day period, the time for filing the notice of appeal begins to run upon entry of the order.

Appellant cites a number cases construing an older version of the rule. Under the older version of the rule, the 30-day period for filing a notice of appeal ran from the expiration of 30 days

after the motion for a new trial was filed *unless the motion was set for a hearing or was taken under advisement within 30 days after it was filed. See, e.g., Watts* v. *Reynolds,* 286 Ark. 425, 692 S.W.2d 247 (1985). Rule 4(c) no longer contains the italicized language, and the cases interpreting the older version of Rule 4(c) are to be distinguished.

Rule denied.