## WAL-MART STORES, INC. *v.* William A. ISELY, Jr., as Father and Next Friend of Alison R. Isely, a Minor

91-283                                                      823 S.W.2d 902

### Supreme Court of Arkansas
### Opinion delivered February 17, 1992

*Daily, West, Core, Coffman & Canfield*, by: *Robert W. Bishop*, for appellant.

*William A. Isely, Jr.*, and *Joe Cambiano*, for appellee.

DAVID NEWBERN, Justice. This case concerns the granting of a new trial on the ground of juror misconduct. The appellant, Wal-Mart Stores, Inc., contends the Trial Court lost jurisdiction by failing to rule on the motion within 30 days after it was filed, as required by Ark. R. App. P. 4(c) (1991). We agree.

Dr. William Isely brought a personal injury action against Wal-Mart on behalf of his minor daughter, Alison. The jury returned a unanimous verdict in Wal-Mart's favor, and judgment was entered on April 2, 1991.

Dr. Isely filed a new trial motion on April 9, 1991. A hearing on the motion was scheduled for May 3, 1991, but it was postponed until May 17, at Wal-Mart's request. The hearing was held June 7, 1991, and the order granting the new trial was entered June 19, 1991, approximately 71 days after the motion was filed.

### *Rule 4(c)*

Rule 4(c) provides in part that if a trial court neither grants nor denies a new trial motion within 30 days of its filing, the

motion will be deemed denied as of the 30th day. Dr. Isely argues the Trial Court did not lose jurisdiction as a hearing on the motion was scheduled within 30 days, relying on *Deason* v. *Farmers & Merchants Bank*, 299 Ark. 167, 771 S.W.2d 749 (1989).

In the *Deason* case, we held "the trial court, by operation of law, loses jurisdiction to rule on a motion for a new trial after the expiration of the 30 days if no written notation is entered either taking the motion under advisement or setting a hearing date." That case, however, was controlled by an older version of Rule 4(c), which stated that post-trial motion would be deemed denied after 30 days from its filing unless the motion was set for a hearing or was taken under advisement within 30 days after it was filed. Rule 4(c) no longer contains references to setting the motion for a hearing or taking it under advisement within 30 days. We have recently held that cases interpreting the older version no longer apply. *Bush* v. *Bush*, 306 Ark. 513, 816 S.W.2d 590 (1991).

In *Phillips* v. *Jacobs*, 305 Ark. 365, 807 S.W.2d 923 (1991), we specifically addressed the issue presented pursuant to the current Rule 4(c) and held "when a Rule 59 motion is timely made, the trial court must decide the motion within thirty days and enter that decision of record. Otherwise, the trial court loses jurisdiction to grant the relief requested in the motion." In the present case, the Trial Court lost jurisdiction of the motion by failing to rule on it within 30 days after filing.

Reversed and dismissed.

HAYS and GLAZE, JJ., dissent. *See Phillips* v. *Jacobs*, 305 Ark. 365, 369, 807 S.W.2d 923, 926 (1991).

DUDLEY, J., not participating.