Charles UPTON, Jr. and Susie Upton *v.* ESTATE OF
Charles J. UPTON

CA 92-73                                      828 S.W.2d 827

Supreme Court of Arkansas
Opinion delivered March 23, 1992

678

L. *Ashton Adcock*, for appellants.

*William C. Ayers*, for appellee.

PER CURIAM. The appellee, Estate of Charles J. Upton, Jr., deceased, moved to dismiss this appeal on grounds that notice of appeal was not timely filed. An order was entered in this case on June 4, 1991, and that order incorporated by reference a Memorandum Opinion of the probate court filed on May 13, 1991. Following the order, the appellants filed a motion for rehearing on June 14, 1991, and asked for relief under both Ark. R. Civ. P. 59 and Ark. R. Civ. P. 60. With respect to the Rule 59 portion of the motion, the appellants contended that the probate court's order failed to address whether certain corporate stock should be included in the estate. Alternatively, the appellants asked for correction of the court's order to reflect that the corporate stock was part of the estate.

On August 2, 1991, the probate court wrote an opinion letter clarifying its order to state that the estate owned only one share of the corporate stock. On September 25, 1991, the probate court entered an order *nunc pro tunc* denying the relief sought by the appellants but clarifying that the estate owned one share of the corporate stock. On October 11, 1991, the appellants filed their notice of appeal from the September 25, 1991, order.

We have previously held that failure of a trial judge to act on a Rule 59 motion within thirty days of its filing is deemed a denial, and thereafter the trial judge loses jurisdiction to act on the motion. *Phillips* v. *Jacobs*, 305 Ark. 365, 807 S.W.2d 923 (1991); *Deason* v. *Farmers & Merchants Bank*, 299 Ark. 167, 771 S.W.2d 749 (1989). A notice of appeal from that denial must be filed within thirty days of that denial. Ark. R. App. P. 4(a),

4(c). The appellants failed to do this, and with respect to the appeal as it relates to Rule 59 relief, the motion to dismiss is granted.

█ Rule 4(c) of the Appellate Rules requiring action on a Rule 59 motion within thirty days of filing does not apply to a Rule 60(a) request to correct an order. The appellants did move for a correction of the court's order to include all of the corporate stock in the estate by motion on June 14, 1991. The probate court denied the relief requested by letter dated August 2, 1991, and by order dated September 25, 1991, and repeated the finding in its earlier Memorandum Opinion relating to the inclusion of only one share of corporate stock in the estate. Notice of appeal was then filed within thirty days. Regarding the correction of the court's order under Ark. R. Civ. P. 60(a), notice of appeal from the September 25, 1991, order was timely filed. *See Kindiger* v. *Huffman*, 307 Ark. 465, 821 S.W.2d 33 (1991). This appeal, however, relates only to the corrective or clarifying order entered September 25, 1991, and does not relate to the original order dated June 4, 1991. *Id*. The motion to dismiss the Rule 60 appeal is denied.

The appellee moves to supplement the record to include the probate court's opinion letter of August 2, 1991. That motion is granted.

HAYS, J., would deny motion to dismiss.