ARKANSAS STATE HIGHWAY COMMISSION *v.*
Wayne AYRES and Jane Ayres

92-243                                        842 S.W.2d 853

Supreme Court of Arkansas
Opinion delivered December 7, 1992

*Robert L. Wilson, Philip N. Gowen,* and *Charles Johnson,*
for appellant.

*Hobbs, Lewis, Mitchell, Garnett & Naramore,* by: *Ronald
G. Naramore,* for appellee.

DAVID NEWBERN, Justice. This case involves the Trial
Court's decision to grant the appellees, Wayne and Jane Ayres, a
new trial on the ground of juror misconduct. The appellant,
Arkansas State Highway Commission (the Commission), argues
the Trial Court lost jurisdiction by failing to rule on the motion for
new trial within 30 days after it was filed, as required by Ark. R.
App. P. 4(c) (1991). The Commission is correct, thus we must
reverse and dismiss.

The Commission filed a complaint against the Ayreses
seeking to condemn a portion of their property to build a highway.
On June 27, 1991, a trial was held on the amount of compensation
to be awarded for the taking. The jury returned a unanimous
verdict finding the Ayreses were entitled to no compensation
because the benefits of the highway exceeded any damages they
might have suffered. Judgment was entered on the verdict on July
9, 1991.

The Ayreses filed a new trial motion on July 12, 1991. The
Trial Court, by written order dated July 29, 1991, took the motion
under advisement. A hearing on the motion was held August 19,

1991, an order granting a new trial was entered September 5, 1991, well over 30 days from the date the motion was filed.

## Rule 4(c)

■ Rule 4(c), as amended by our Per Curiam order effective March 14, 1988, provides in part that if a trial court neither grants nor denies a new trial motion within 30 days of its filing, the motion will be deemed denied as of the 30th day. We have interpreted this provision to mean a trial court loses jurisdiction if a motion for new trial is not decided within 30 days from its filing. *Wal-Mart Stores, Inc.* v. *Isely*, 308 Ark. 342, 823 S.W.2d 902 (1992).

The amendment deleted the language in the older version of Rule 4(c) which concerned taking a motion under advisement or setting a hearing date within 30 days, thus requiring that a motion for new trial be deemed denied if neither granted nor denied within 30 days from its filling. When counsel for the Ayreses filed his motion for new trial on July 12, 1991, Rule 4(c) did not mention taking a motion under advisement or setting a hearing date within 30 days.

The Ayreses argue that, despite the change in the Rule, when their new trial motion was filed, the law was unclear whether setting a hearing date or taking the motion under advisement within 30 days from filing would satisfy the requirements of Rule 4(c). They contend their confusion was caused by two of our opinions. The first is *Phillips* v. *Jacobs*, 305 Ark. 365, 807 S.W.2d 923 (1991), which pre-dated the July 12th filing by approximately two months. In that case, there was no order deciding the new trial motion, taking it under advisement, or setting a hearing date within 30 days. Holding the Trial Court lacked jurisdiction, we wrote:

> Though Rule 4(c) was somewhat different prior to the effective date of our Per Curiam of March 14, 1988, which simplified its terms, it consistently has required the trial court to act in some form or fashion on new trial motions within thirty days of filing, and we have previously held that failure to act within that time frame results in loss of jurisdiction to grant the relief requested under the motion. We have further held that a decision by the trial court

within the thirty days which is not entered of record fails to meet the dictates of Rule 4(c). (citations omitted).

The issue of whether taking a new trial motion under advisement or setting a hearing date within 30 days would satisfy the requirements of Rule 4(c) was not before us in the *Phillips* case. The clear implication, however, was that only a decision entered of record within 30 days will satisfy the requirements of Rule 4(c). An order taking a motion under advisement or setting a hearing date is not the equivalent of a "decision" of record.

The second opinion cited by the Ayreses is that of *Deason* v. *Farmers & Merchants Bank*, 299 Ark. 167, 771 S.W.2d 749 (1989). The Ayreses argue that in the *Deason* case we continued to discuss taking a new trial motion under advisement or setting a hearing date within 30 days even though our current Rule 4(c) had been adopted at the time of the decision. The Ayreses are in part correct in their assertions. The *Deason* case did contain references to the older version of the Rule despite the fact that the newer version was adopted over a year before the opinion was delivered. However, in 1985, when the original complaint in the *Deason* case was filed, the older version of Rule 4(c) was still in effect. The current version of Rule 4(c) was adopted approximately two and a half months before the final judgment was entered and the new trial motion was filed. On appeal, neither party raised the issue regarding the change in the Rule which had occurred after the filing of the complaint but before the entry of judgment and the filing of the motion for new trial.

We agree with the Ayreses counsel that the opinion in the *Deason* case could have been misleading and that we may have been remiss in failing to mention the Rule change despite the fact that it was not argued and might or might not have affected the outcome there. In view, however, of the clarity of the change in the Rule 4(c) and its undoubted applicability to this case, we have no choice but to reverse the Trial Court's order granting a new trial.

Reversed and dismissed.

GLAZE, J., concurs.

HAYS and CORBIN, JJ., dissent.

Tom Glaze, Justice, concurring. I agreed with Judge Hays' dissent in *Phillips v. Jacobs*, 305 Ark. 365, 807 S.W.2d 923 (1991), but since that is now precedent, I concur in the majority court's decision.

Steele Hays, Justice, dissenting. I would affirm the order granting a new trial because the trial court vacated the judgment within the time permitted under ARCP Rule 60(b). My views on the inherent power of trial courts to take that action are stated in a dissenting opinion to *Phillips* v. *Jacobs*, 305 Ark. 365, 807 S.W.2d 923 (1991).

Corbin, J., joins.

Donald L. Corbin, Justice, dissenting. I would concur because the majority is technically correct in their analysis of the case law as it pertains to our Rule 4(c) of the Arkansas Rules of Appellate Procedure. However, I dissent because the result reached is not consistent with justice; particularly so, when considering the confusion to the members of the Bar that this court created in its effort to obtain a Rule 4(c) that is more efficient to the appellant process.