Teresa A. REIS *v.* Hugh L. YATES

92-1454                                                      854 S.W.2d 335

Supreme Court of Arkansas
Opinion delivered May 24, 1993

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Beverly A. Rowlett*, for appellant.

*Lane, Muse, Arman & Pullen*, by: *Donald C. Pullen*, for appellee.

ROBERT L. BROWN, Justice. The appellant, Teresa A. Reis, appeals an order for a new trial entered eighty-one days after a motion for new trial was filed. We hold that the circuit court had lost jurisdiction by the time it entered its order, and we reverse and remand.

The appellee, Hugh L. Yates, filed suit for damages against the appellant, Teresa A. Reis, and a trial on the matter was held in the Garland County Circuit Court. The jury found in favor of Yates and awarded damages in the amount of $3,000. A judgment reflecting the verdict was entered on June 26, 1992.

On June 29, 1992, Yates filed a motion for a new trial pursuant to Ark. R. Civ. P. 59(a)(5) and (6) on the grounds that the verdict was contrary to the preponderance of the evidence and the law and that the jury erred in the assessment of the amount of

recovery. On that same date, the circuit court mailed to the parties a notice of hearing on the motion, which was scheduled for September 8, 1992.

On September 18, 1992, the circuit court entered its order directing a new trial. In its order, the court acknowledged that under Ark. R. App. P. 4(c) if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion will be deemed denied as of the 30th day. Nevertheless, the court asserted that it had continuing jurisdiction under Ark. R. Civ. P. 60(b) to modify or set aside an order within 90 days "[t]o correct any error or mistake or to prevent the miscarriage of justice." To allow the jury verdict to stand unamended, the court declared, "would clearly be a miscarriage of justice." The court further acknowledged that the failure to obtain a ruling on the motion within thirty days "was due to an oversight or omission."

The sole point raised by appellant Reis on appeal is that the circuit court lacked jurisdiction to order a new trial. We agree. Reis argues, as the circuit court concedes, that because Yates filed a motion for new trial on June 29, 1992, and the circuit court made no ruling within 30 days, the motion was deemed denied on July 29, 1992, under Ark. R. App. P. 4(c). Reis then contends that the 30-day deadline for Yates to file a notice of appeal after the denial date of July 29, 1992, occurred on August 28, 1992, under Ark. R. App. P. 4(d). Yates counters that the circuit court retained jurisdiction pursuant to Ark. R. Civ. P. 60(b) and under Rule 60(b) authority appropriately ordered a new trial on September 18, 1992.

This precise question was considered by this court in *Phillips* v. *Jacobs*, 305 Ark. 365, 807 S.W.2d 923 (1991). There, the circuit court entered an order granting a new trial forty-four days after the filing of a motion for a new trial pursuant to Ark. R. Civ. P. 59. We reversed the court's order on jurisdictional grounds and observed: "Rule 4(c) is clear that failure to act within thirty days will be deemed a denial." 305 Ark. at 366, 807 S.W.2d at 924. We then held that the failure to act within the 30-day period results in loss of jurisdiction in the circuit court to consider the motion. We next addressed the Rule 60(b) alternative:

Nor does ARCP Rule 60(b) invest the trial court with jurisdiction to act on a Rule 59 motion beyond the thirty

day period. Rule 60(a) does grant authority in the trial court to act on its own motion to correct clerical errors and mistakes. Rule 60(b) then provides ninety days in which the trial court may, on its motion or any party's motion, correct the error or "prevent *the* miscarriage of justice." [Emphasis ours.] The reference to certain miscarriages of justice in Rule 60(b) is a reference to those clerical errors or mistakes described in Rule 60(a).. . .Rule 60 generally governs relief for mistakes and errors and fraud in obtaining the judgment, which are distinct and apart from those grounds substantially affecting the material rights of a party set out in Rule 59.

305 Ark. at 367-368, 807 S.W.2d at 925.

■ We ratified our holding in *Phillips* v. *Jacobs, supra,* that the trial judge loses jurisdiction of the case by not acting on a motion for new trial within 30 days of filing in two later cases: *Wal-Mart Stores, Inc.* v. *Isely,* 308 Ark. 342, 823 S.W.2d 902 (1992) and *Arkansas State Highway Commission* v. *Ayres,* 311 Ark. 212, 842 S.W.2d 853 (1992). As this issue has been clearly decided, we reverse and remand for an order consistent with the opinion.

Reversed and remanded.

STEELE HAYS, Justice, dissenting. I have expressed my views in dissent in *Phillips* v. *Jacobs,* 305 Ark. 365, 807 S.W.2d 923 (1991). When a question of law is firmly settled, even by division, further dissent seems pointless. However, with all due respect to the majority, I believe so strongly the inherent and time-honored jurisdiction of trial courts to modify their judgments under Ark. R. Civ. P. 60(b) is not lost simply for the lack of a timely notice of appeal under Ark. R. App. P. 4(c), that I will continue to say so. If the failure to file a notice of appeal in accordance with Rule 4(c) deprives the trial court of jurisdiction to act under Rule 60(b), why is that not also true when no notice of appeal is filed in accordance with Rule 4(a)?