## PARKS LEASING, INC. *v.* BRAY CORPORATION, Frank E. Cochran and Mary B. Cochran

CA 92-1363                                861 S.W.2d 116

Court of Appeals of Arkansas
Division I
Opinion delivered September 1, 1993

*Williams, Schrantz, Croxton, Boyer, Rhoads, Schafer & Cochran, P.A.*, by: *R. Douglas Schrantz*, for appellant.

*Matthews, Campbell & Rhoads, P.A.*, by: *Edwin N. Mc-Clure*, for appellees.

JAMES R. COOPER, Judge. The appellant leasing company brought an action against the appellees alleging breach of lease agreements. After a trial at which the appellees failed to appear, judgment was entered against them on March 19, 1992. Subsequently, the appellees moved for a new trial and for relief from the judgment pursuant to Rule 60. The trial court denied the request for a new trial but granted limited relief from the judgment pursuant to Rule 60. The appellant brings this appeal from the order granting relief from the judgment; the appellees cross-appeal, challenging the denial of their motion for a new trial. We reverse on direct appeal and dismiss the cross-appeal as untimely.

Parks Leasing, Inc., is in the business of leasing trailers for tractor-trailer trucks. In February 1989, Scheduled Truckways, Inc., leased 110 over-the-road trailers from the appellant for a term of sixty months. Frank Cochran, president of Scheduled Truckways, signed the lease, and the lease payments were guaranteed by Frank Cochran, Mary B. Cochran, and Bray Corporation (which is owned by the Cochrans).

Scheduled Truckways defaulted on the lease agreement, and on September 12, 1991, the appellant filed a complaint and petition for recovery of property against Scheduled Truckways, Bray Corporation, and the Cochrans. A preliminary hearing was

held October 4, 1991, at which time all the appellees were represented by attorney Howard Slinkard. At that hearing, the court allowed Scheduled Truckways to retain possession of the trailers on the condition that lease payments be made into the court registry during November and December 1991. However, these payments were not made, and an order of possession was entered on January 7, 1992. At that time, the court also set the case for trial on March 19, 1992.

On January 6, 1992, Mr. Slinkard asked the court's permission to withdraw as counsel for the appellees. However, on January 21, 1992, Mr. Slinkard continued his representation of the appellees at Mr. Cochran's deposition. On January 24, 1992, the court allowed Mr. Slinkard to withdraw pursuant to his earlier request and required the appellees to provide the court with the name of their new counsel within ten days. The appellees never contacted the court, and the matter proceeded to trial as scheduled on March 19, 1992. The appellees failed to appear, and judgment was entered against them for over $1.6 million, plus costs and attorney's fees, on March 19, 1992.

On March 26, 1992, the appellees Bray Corporation, Frank Cochran, and Mary Cochran filed a motion for new trial pursuant to Ark. R. Civ. P. 59, alleging they had been given no notice of the March 19 trial date and that the confusion concerning their legal representation amounted to irregularity in the proceedings. Although a hearing was held on the motion for new trial on April 16, 1992, the circuit court took no action at that time. On May 7, 1992, the appellees filed an amended motion for new trial, alleging error in the assessment of damages and asserting that they had been denied a jury trial. On that date, the appellees also filed a motion for relief from judgment under Ark. R. Civ. P. 60.

On June 26, 1992, the appellees filed an amended motion for relief from judgment and a second amended motion for new trial, alleging that a new trial should be granted in order to correct an error or mistake and to prevent the miscarriage of justice because the appellant had violated the Equal Credit Opportunity Act. On August 24, 1992, the circuit judge found no irregularity in the proceedings and denied the appellees' request for a new trial under Rule 59. The circuit judge did, however, grant the

appellees some relief from judgment under Rule 60 in order to prevent a miscarriage of justice. He set aside the judgment for the limited purpose of allowing the appellees to present their legal arguments concerning the proper computation of principal, interest, and late charges.

The appellant argues on appeal that the circuit judge erred in granting the appellees any relief from the judgment. The appellees have cross-appealed, arguing that the circuit judge erred in denying their motion for new trial.

When the appellees' motion for new trial was not acted upon within thirty days of its filing, it was deemed denied. *Bush* v. *Bush*, 306 Ark. 513, 514, 816 S.W.2d 590, 591 (1991); Ark. R. App. P. 4(c). In fact, after the expiration of thirty days from the date a motion for new trial is filed, the trial court loses its ability to do so. *See Wal-Mart Stores, Inc.* v. *Isely*, 308 Ark. 342, 343, 823 S.W.2d 902, 903 (1992). The appellees' motion for a new trial was filed on March 26, 1992, and was deemed denied on Monday, April 27, 1992. Although a notice of cross-appeal ordinarily is timely if filed within ten days of a notice of appeal, Ark. R. App. P. 4(a), no timely notice of appeal was filed from the denial of the appellees' new trial motion. While we could otherwise treat the appellees' "notice of cross-appeal" as a notice of appeal in its own right, we cannot in this case because the appellees' notice was not filed until September 17, approximately five months after their new trial motion was deemed denied pursuant to Rule 4(c). *See Phillips Constr. Co.* v. *Cook*, 34 Ark. App. 224, 808 S.W.2d 792 (1991). The appellees' failure to file a timely notice of appeal must result in the dismissal of their cross-appeal. *See Upton* v. *Estate of Upton*, 308 Ark. 677, 678-79, 828 S.W.2d 827, 828 (1992); Ark. R. App. P. 4(a).

The appellees' motion for relief from judgment pursuant to Ark. R. Civ. P. 60 was filed on May 7, 1992. The circuit judge did not act on that motion until August 24, 1992, more than five months after the judgment was entered. At that point, the trial court had lost jurisdiction to grant relief from judgment under Rule 60(b). *See City of Little Rock* v. *Ragan*, 297 Ark. 525, 526, 763 S.W.2d 87, 88 (1989). Further, the appellant correctly points out that Rule 60(d) provides that no judgment shall be set aside unless the defendant, in his motion, asserts a valid defense to the

action. There was no reference to any defense in the appellees' May 7, 1992, motion for relief from judgment. It was not until the appellees filed their amended motion for relief on June 26, 1992, over ninety days after the entry of the judgment, that the appellees asserted a defense.

The only authority the circuit judge has to set aside a judgment after the expiration of ninety days is found in Rule 60(c), which states:

> (c) Grounds for Setting Aside Judgment, Other Than Default Judgment, After Ninety Days. The court in which a judgment, other than a default judgment [which may be set aside in accordance with Rule 55(c)] has been rendered or order made shall have the power, after the expiration of ninety (90) days after the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order:

> (1) By granting a new trial where the grounds therefor were discovered after the expiration of ninety (90) days after the filing of the judgment, or, where the ground is newly discovered evidence which the moving party could not have discovered in time to file a motion under Rule 59(c). . . .

> (2) By a new trial granted in proceedings against defendants constructively summoned. . . .

> (3) For misprisions of the clerk.

> (4) For fraud practiced by the successful party in obtaining the judgment.

> (5) For erroneous proceedings against an infant or person of unsound mind. . . .

> (6) For the death of one of the parties before the judgment in the action.

> (7) For errors in a judgment shown by an infant within twelve (12) months after reaching the age of eighteen (18) years. . . .

The appellees, however, have completely failed to show that they were entitled to relief under any of the grounds listed in Rule

60(c).

■ We find that, by the time the circuit judge took action on the appellees' motion for relief from judgment, he was without jurisdiction to do so under Rule 60(b). Since the appellees presented no evidence that they were entitled to relief under Rule 60(c), we reverse and remand with directions to the circuit court to reinstate the judgment.

Reversed on direct appeal; cross-appeal dismissed.

ROBBINS and MAYFIELD, JJ., agree.