## FARM BUREAU MUTUAL INSURANCE COMPANY of ARKANSAS, INC. *v.* Willa May SUDRICK

CA 94-141                                                896 S.W.2d 452

Court of Appeals of Arkansas
En Banc
Opinion delivered April 19, 1995

*Kincade Law Office*, by: *Ronald P. Kincade* and *Osmon, Chism & Ethredge, P.A.*, by: *Kerry D. Chism*, for appellant.

*J. Scott Davidson* and *David E. Miller*, for appellee.

JOHN MAUZY PITTMAN, Judge. Farm Bureau Mutual Insurance Company of Arkansas, Inc., brings this appeal contending that the trial court erred in granting appellee's motion for judgment notwithstanding the verdict. We conclude that the trial court's order granting the motion was entered at a time when the trial court had no jurisdiction or authority to so act, and we reverse and dismiss.

Appellee filed this action against appellant, her insurer, seeking to recover insurance proceeds on account of a fire loss. After a trial, the jury returned a verdict in which it found "for" appellee but awarded her no damages. On August 5, 1993, the court entered its judgment in accordance with the jury verdict. On August 9, appellee filed a motion for judgment notwithstanding the verdict

or a new trial. On September 23, forty-five days after appellee's motion was filed, the trial court entered an order granting appellee's motion for judgment n.o.v. and awarding her a judgment against appellant for $24,487.62. On September 27, appellant filed its notice of appeal.[1]

■    Appellee's August 9 motion for judgment n.o.v. or a new trial was timely filed within ten days of the August 5 judgment. Ark. R. Civ. P. 50(b), 59(b). However, because the trial court neither granted nor denied the motion within thirty days of its filing, the motion was deemed denied as of the thirtieth day, September 8, 1993. Ark. R. App. P. 4(b) and (c). The trial court's failure to act on appellee's motion within thirty days of its filing resulted, by operation of law, in that court's loss of jurisdiction to decide the motion. Therefore,. the September 23 order purporting to grant appellee's motion for judgment n.o.v. was void and of no effect. *See Reis* v. *Yates*, 313 Ark. 300, 854 S.W.2d 335 (1993); *Arkansas State Highway Commission* v. *Ayres*, 311 Ark. 212, 842 S.W.2d 853 (1992); *Wal-Mart Stores, Inc.* v. *Isely*, 308 Ark. 342, 823 S.W.2d 902 (1992); *Phillips* v. *Jacobs*, 305 Ark. 365, 807 S.W.2d 923 (1991); *Deason* v. *Farmers and Merchants Bank*, 299 Ark. 167, 771 S.W.2d 749 (1989).

Reversed and dismissed.

COOPER and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. I dissent from the opinion of the majority in this case. The opinion refuses to consider the merits of the case because it holds that the trial court did not have jurisdiction to grant appellee's motion for judgment notwithstanding the verdict. The reasoning is that the motion was granted forty-five days after it was filed, but it had been denied by operation of law at the end of thirty days after it was filed.

The problem I have is that appellant's notice of appeal, as

---

[1]The notice of appeal states that appellant appeals from a judgment "entered on August 4, 1993." Actually, no judgment was entered on that date. The only judgment by which appellant was aggrieved was the September 23 judgment, and every argument appellant makes on appeal is directed at the September 23 judgment. Under these circumstances, we do not think that appellant's failure to designate the September 23 judgment in its notice of appeal is fatal to its appeal of that judgment. *See Jasper* v. *Johnny's Pizza*, 305 Ark. 318, 807 S.W.2d 644 (1991).

abstracted by the appellant, states that appellant is appealing from a judgment entered August 4, 1993, and the abstract states that the notice of appeal was filed on September 27, 1993. Obviously, the notice of appeal was filed more than thirty days after August 4, 1993, and our Appellate Rule 4(a) requires a notice of appeal to be filed within thirty days from the entry of the judgment from which the appeal is taken.

According to the majority opinion, the trial court granted the appellee's JNOV motion by entering judgment for her against the appellant on September 23, 1993. However, appellant's abstract does not show that a notice of appeal was ever filed from that judgment. It is well settled that the "record on appeal is confined to the abstract," *Wynn* v. *State*, 316 Ark. 414, 417, 871 S.W.2d 593, 594 (1994); and our review is upon the record as abstracted, *Zini* v. *Perciful*, 289 Ark. 343, 711 S.W.2d 477 (1986). Moreover, it is not our practice to go to the record to reverse the trial court.

It may be that the date stated in the notice of appeal is incorrect and that my view is highly technical; however, I think the majority opinion is based on a point that is also highly technical. Actually, I would like to decide the case on its merits — and that surely would be more satisfactory to the parties.

But the only notice of appeal abstracted was filed more than thirty days after August 4, 1993, and the abstract does not show any notice of appeal from the judgment entered September 23, 1993. Therefore, I think the appellant's appeal must be dismissed.

COOPER, J., joins in this dissent.