**David P. GOLDEN, Plaintiff–Appellant,**

v.

**Dian GOLDEN, Defendant–Respondent.**

No. 20046.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 8, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 1995.

Application to Transfer Denied
Jan. 23, 1996.

James J. Knappenberger, Charles M. Shaw Law Firm, Clayton, for appellant.

Charles T. Rouse, Salem, for respondent.

FLANIGAN, Judge.

On April 24, 1991, plaintiff David Golden instituted this action in the Circuit Court of Crawford County against defendant Dian Golden by filing a document entitled "Petition in Equity for the Division of Marital Property and Injunction and for Damages." Defendant filed a motion to dismiss on several grounds, including lack of jurisdiction over the subject matter and res judicata. The motion was based on a judgment entered by the Circuit Court of Dent County on February 27, 1989, in a dissolution of marriage proceeding ["Case One"] involving the same parties.

On January 23, 1995, the trial court in this action entered a judgment denying plaintiff relief on his petition. Plaintiff appeals.

In this court, plaintiff's brief presents two "Points Relied On." They read:

"I. The trial court erred in finding that the decree entered in the case of *Golden v. Golden* on February 27, 1989 was a valid order which disposed of all marital assets and left no issue to be tried in equity.

"II. Trial court erred in dismissing petition for equitable relief to distribute undistributed marital property and dispose of other unresolved issues."

■ Each of the foregoing points fails to comply with Rule 84.04(d)[1] and preserves nothing for appellate review. Rule 84.04(a) requires that the brief for appellant contain a jurisdictional statement, a statement of facts, the points relied on, and an argument. "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder." Rule 84.04(d). Neither of the foregoing points meets the "wherein and why they are claimed to be erroneous" requirement. See *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978); *State v. Delmar Gardens of Chesterfield*, 872 S.W.2d 178, 184[15] (Mo. App.1994).

1. All references to rules are to Missouri Rules of

■ Appellant's brief is defective in other respects. Rule 84.04(h) reads: "All statements of fact and argument shall have specific page references to the legal file or the transcript." The statement of facts portion of appellant's brief contains no page reference to the legal file. There is no transcript.

This court, in its discretion, has examined the record on appeal to determine whether plaintiff might be entitled to relief under Rule 84.13(c), "the plain error rule." Under that rule, this court may consider "[p]lain errors affecting substantial rights ... when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." For the reasons which follow, this court finds no plain error.

■ In Case One, the following events took place:

May 31, 1988—Both parties appeared with their respective attorneys and presented evidence. The court entered an order finding that there was no reasonable likelihood that the marriage could be preserved and that it was irretrievably broken. The court ordered the marriage dissolved "effective this date with all other issues taken under submission."

Sept. 8, 1988—The court entered a decree ordering petitioner David Golden to pay child support and maintenance; the decree awarded separate property to petitioner David Golden and to respondent Dian Golden and divided the marital property.

Sept. 29, 1988—By consent of the parties, the decree of September 8, 1988, was set aside for the purpose of dividing additional property not previously disclosed to the court.

Feb. 27, 1989—The court entered judgment distributing separate property to each of the parties, dividing the marital property, and continuing the child support and maintenance awards.

Pursuant to the judgment of February 27, 1989, David Golden, appellant here, received his separate property and his share of the

Court, V.A.M.R.

marital property. No appeal was taken from the judgment of February 27, 1989, and appellant David Golden took the benefits which that judgment conferred on him. The judgment in Case One dealt with the same property involved in this action, where appellant seeks to challenge the validity of that judgment.

In *Matter of Estate of Tapp*, 569 S.W.2d 281 (Mo.App.1978), this court said, at 285[2]:

> "One who has accepted and retained the benefits of a judgment (or decree) is estopped to deny, on any ground, the validity thereof, or any part thereof, or any of its burdensome consequences, even where the invalidity arises from want of jurisdiction over the person or over the subject matter. *Tremayne v. City of St. Louis*, 320 Mo. 120, 6 S.W.2d 935, 946 (Mo. banc 1928); *Sage v. Finney*, 156 Mo.App. 30, 135 S.W. 996, 1000[9] (1911); *Wilson v. Union Electric Light & Power Co.*, 59 F.2d 580 (8th Cir.1932); *In Re Reynolds' Will*, 85 N.W.2d 553, 562[9, 10] (N.D.1957); *Mason v. Urban Renewal of North Little Rock*, 245 Ark. 837, 434 S.W.2d 614, 615[1, 2] (1968); *Burgess v. Nail*, 103 F.2d 37, 44 (10th Cir.1939); *Marshall v. Lockhead*, 245 S.W.2d 307, 308 (Tex.Civ.App.1952); *Crain v. Foster*, 230 Ark. 190, 322 S.W.2d 443, 445 (1959); 46 Am.Jur.2d Judgments § 51, p. 350; and § 629 p. 788; 49 C.J.S. Judgments § 453, p. 884. See also *Rhodus v. Geatley*, 347 Mo. 397, 147 S.W.2d 631, 637 (1941); *Clark v. Mississippi Valley Trust Co.*, 357 Mo. 785, 211 S.W.2d 10, 16 (1948); *Pearson v. Pearson*, 369 S.W.2d 272, 277[7, 8] (Mo.App.1963); *Magenheim v. Board of Education*, 347 S.W.2d 409, 419 (Mo.App. 1961); *Owen v. City of Branson*, 305 S.W.2d 492, 497 (Mo.App.1957)."

The foregoing principle is dispositive of appellant's attempt to challenge the validity of the judgment of February 27, 1989, in Case One. There is no error, plain or otherwise, and the judgment is affirmed.

Respondent Dian Golden has filed a motion requesting this court to award her damages pursuant to Rule 84.19, which reads: "If an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." Accompanying respondent's motion is an itemized statement of attorney's fees incurred by her in defense of this action. These expenses total $5,064.

This court has determined that this appeal is frivolous and that respondent's motion is well taken. It is accordingly ordered that respondent is awarded $2,532 against appellant David P. Golden and $2,532 against the Charles M. Shaw Law Firm and James J. Knappenberger.

The judgment is affirmed and the cause is remanded to the trial court with directions to enter a judgment in favor of respondent for $2,532 against appellant David P. Golden and for $2,532 against the Charles M. Shaw Law Firm and James J. Knappenberger for filing this frivolous appeal.

MONTGOMERY, P.J., and GARRISON, J., concur.