Gertie GUTHRIE *v.* TWIN CITY BANK

CA 95-591                                                     913 S.W.2d 792

Court of Appeals of Arkansas
En Banc
Opinion delivered December 20, 1995

*Jones & Tiller Law Firm*, by: *L.H. Mahon*, for appellant.

*Claibourne W. Patty, Jr.*, and *Thurman & Sims*, by: *John B. Thurman, Jr.*, for appellee.

PER CURIAM. Appellee Twin City Bank moves to dismiss the appeal filed by Gertie Guthrie on the basis that her notice of appeal was untimely.

Appellant's action against appellee was dismissed by summary judgment filed in the trial court on April 13, 1994. On April 25, 1994, appellant filed a motion for reconsideration requesting the trial court to set aside the summary judgment and proceed to trial. We characterize this motion as a motion for a new trial. Although a motion for a new trial must be filed not later than

ten days after entry of judgment, appellant's motion was timely because the intermediate Saturday and Sunday are excluded from computation pursuant to Ark. R. Civ. P. 6(a). Appellant amended her motion on May 9, 1994.

The trial court heard arguments on appellant's motion twice, apparently on June 24, 1994, and again on November 18, 1994. By order filed December 5, 1994, the court denied appellant's motion. Appellant filed notice on December 21, 1994, that she was appealing the December 5, 1994, order.

■ Appellant's motion for new trial was deemed denied not later than June 8, 1994, thirty days after her amendment to the motion was filed.[1] Ark. R. App. P. 4(c). Consequently, appellant was required to file her notice of appeal from the summary judgment within thirty days after June 8, 1994, the date her motion was deemed denied. Her notice of appeal was not filed until December 21, 1994, and was untimely.

■ Appellant's notice of appeal specifically recited that she was appealing the order dated December 5, 1994, which denied her motion for new trial. Even if the time for appealing an order denying a motion for new trial, as distinguished from the judgment which is sought to be set aside, does not begin to run from the date it is "deemed denied" under Ark. R. App. P. 4(c), the trial court lost jurisdiction, or the power, to act on the motion thirty days after it was filed, *Ark. State Hwy. Comm.* v. *Ayres*, 311 Ark. 212, 842 S.W.2d 853 (1992); *Wal-Mart Stores, Inc.* v. *Isely*, 308 Ark. 342, 823 S.W.2d 902 (1992), long before the court entered its order denying appellant's motion.

If we characterized appellant's motion for reconsideration as something other than a motion for a new trial, or one of the other post-judgment motions listed in Ark. R. App. P. 4(b), then the "deemed denied" provision of Ark. R. App. P. 4(c) would not apply. However, if appellant's motion for reconsideration does not fall within the categories listed in Ark. R. App. P. 4(b), it must necessarily be viewed as an Ark. R. Civ. P. 60(b) motion seeking to correct an error or mistake or to prevent a miscar-

---

[1] We need not now decide whether an amendment to a motion for a new trial extends the time for filing a notice of appeal, because appellant's notice was untimely even if the amendment did extend the time.

riage of justice.[2] If so characterized, appellant's position is not improved because the trial court would have lost jurisdiction to set aside or modify the April 13, 1994, summary judgment ninety days after its entry in filing. *Griggs* v. *Cook,* 315 Ark. 74, 864 S.W.2d 832 (1993); *Parks Leasing, Inc.* v. *Bray Corp.*, 43 Ark. App. 74, 861 S.W.2d 116 (1993); *Story* v. *Spencer,* 41 Ark. App. 27, 847 S.W.2d 48 (1993). Consequently, even with this characterization, we could not consider the merits of the trial court's order denying appellant's motion for reconsideration because it was entered by the trial court without jurisdiction.

This appeal is dismissed.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. I do not believe that the appeal in this case should be dismissed. Before discussing my reasons, it is important to clearly state the factual situation presented.

This case started with the appellant filing a complaint in circuit court in which she alleged that the appellees, individually and collectively, failed to exercise due diligence in keeping with their legal responsibilities to prepare a trust agreement that would vest the corpus of the trust in the appellant upon the death of the settlor of the trust. The complaint alleged that the appellees' actions constituted willful and wanton negligence and asked for judgment against the appellees, jointly and severally, in the amount of $1,330,000, plus interest and costs. The appellees denied the allegations and also pleaded *res judicata.*

Subsequently, the appellees filed a motion for summary judgment which the court granted by an order entered April 13, 1994. The order held that the appellant's claims were barred by *res judicata* because they were "adjudicated, or should have been adjudicated" by a chancery court judgment entered on October 2, 1992, between the same parties. More specifically, the order stated that the present suit in circuit court was based upon a tort claim which was not alleged in the chancery court case, but which could have been adjudicated in that case "under the cleanup doctrine."

---

[2]There is no allegation that the motion asserted any of the grounds listed in Ark. R. Civ. P. 60(c) for setting aside the subject judgment.

No notice of appeal was filed from the order granting the summary judgment, but the appellant filed a motion for reconsideration on April 25, 1994, and an amendment to that motion on May 9, 1994. After a hearing, the trial court entered an order on December 5, 1994, denying the motions, and on December 21, 1994, the appellant filed a notice of appeal. The majority opinion treats these motions as if they were motions for new trial and holds that they were "deemed denied" under Ark. R. App. P. 4(c), and at the end of thirty days after the last one was filed. Therefore, the majority holds that the notice of appeal had to be filed within thirty days of June 8, 1994, long before December 21, 1994.

It is true that under Ark. R. App. P. 4(b) the time for filing a notice of appeal is extended by the timely filing of a motion for judgment notwithstanding the verdict under Ark. R. Civ. P. 50(b), of a motion to amend the court's finding of fact or to make additional findings under Ark. R. Civ. P. 52(b), or of a motion for new trial under Ark. R. Civ. P. 59(b). However, I do not think, that the appellant's motion for reconsideration (and/or the amendment thereto) constitutes a motion listed in Appellate Procedure Rule 4(b).

The motions for reconsideration allege that the court's order granting summary judgment was in error in holding that appellant's tort claim was barred by the judgment in the chancery court suit because the chancery judge did not act on that claim but granted the appellant's specific request to preserve the "tort issues" for future litigation and told the appellant that she could file a lawsuit on the tort issues in circuit court. Therefore, in her motion to reconsider, the appellant said that the circuit court should "reverse" its order granting summary judgment in favor of the appellees.

In *Enos* v. *State*, 313 Ark. 683, 858 S.W.2d 72 (1993), the appellant was convicted of manufacturing marijuana and he filed a "motion to set aside the judgment" alleging that it was inconsistent with the verdict. Although the Arkansas Supreme Court affirmed the trial court's judgment, the supreme court did not agree with the State's argument that because the appellant's notice of appeal was filed before the order denying the motion was entered the court was without jurisdiction to hear the appeal.

Noting the provisions of Appellate Procedure Rule 4(b), which are the same as those involved in the instant case, our supreme court said: "As the 'motion to set aside the judgment' is not analogous to any of the motions listed in Ark. R. App. P. 4(b), we decline to say we lack jurisdiction of this appeal." 313 Ark. at 685, 858 S.W.2d at 73.

The supreme court reaffirmed the *Enos* holding in *Fuller* v. *State*, 316 Ark. 341, 872 S.W.2d 54 (1994), where a motion for reconsideration was filed which contended that the trial court should reconsider its decision finding the appellant guilty of second degree assault and find him not guilty of the charge. The Arkansas Supreme Court noted that the State had raised the point that the appeal was not properly before the court because of the application of the provisions of Appellate Procedure Rule 4 and said:

> We conclude that Fuller's post-judgment motion is not analogous to a motion under Rule 50(b), Rule 52(b), or Rule 59(b). We have said that we will look to see what a motion actually is in determining Rule 4 questions such as the one before us. *See Jackson* v. *Arkansas Power & Light Co.*, 309 Ark. 572, 832 S.W.2d 224 (1992) (per curiam). It is clear, however, that Fuller's motion is not a request for amended or additional findings or for a new trial. Nor does it qualify as a request for a judgment NOV, which contemplates a jury verdict.

316 Ark. at 344, 872 S.W.2d at 55.

Based upon the above decisions, I cannot agree that appellant's motion for reconsideration in the instant case should be treated as a motion referred to in Appellate Procedure Rule 4(b). However, the majority opinion says that even if we do not treat the appellant's motion for reconsideration as one of the motions referred to in Appellate Procedure Rule 4(b), then it must fall within the categories listed in Ark. R. Civ. P. 60(b). This is true, the majority opinion says in a footnote, because no grounds are asserted for it to fall under 60(c). And if it falls under 60(b), the majority says that *Griggs* v. *Cook*, 315 Ark. 74, 864 S.W.2d 832 (1993), and cases following its reasoning, hold that the trial court would have lost jurisdiction to set aside or modify the April 13, 1994, summary judgment order ninety days after its entry.

There are two answers to that view. The first one is that the appellant claims that such a view violates the Due Process and Equal Protection Clauses of the 14th Amendment to the Constitution of the United States of America. Her response to the motion to dismiss makes this allegation and shows a copy served on the Arkansas Attorney General. A memorandum brief is filed by the appellant in support of this position.

I do not know whether this argument is valid, but the second answer to the view of the majority opinion is that it requires us to overlook the fact that the trial court ruled on the merits of the motion for reconsideration and did so after the appellees, without any objection to the trial court's authority or jurisdiction to make the December 5 order, had filed a response to the motion for reconsideration and had engaged in a hearing on the motion which has been transcribed and consists of 150 pages in the transcript. In almost every comparable situation the appellate courts in Arkansas would hold that a party who participated in obtaining an order without making any objection to the trial court's authority to make the order is either estopped to raise that issue on appeal or has waived the right to question it. *See Hodges* v. *Gray*, 321 Ark. 7, 18, 901 S.W.2d 1, 6 (1995) (trial court's finding of contempt affirmed; arguments based on lack of notice and opportunity to defend not addressed because they were not made in the trial court; even constitutional arguments are waived if not raised at trial). *See also Mikkelson* v. *Willis*, 38 Ark. App. 33, 826 S.W.2d 830 (1992) (trial court granted new trial and appellant chose not to appeal that order and submitted his case to the court for another trial; appellant held bound by his election and was limited on appeal to issues decided at the subsequent trial). And as to estoppel, the Arkansas Supreme Court held in *Crain* v. *Foster*, 230 Ark. 190, 322 S.W.2d 443 (1959), that one who accepts the benefit of a decree is estopped to deny its validity; and in *Mason* v. *Urban Renewal*, 245 Ark. 837, 840, 434 S.W.2d 614, 615 (1968), the court said, "One who shares in the fruits or benefits of a judgment or decree is estopped to challenge its validity, *even where there is a want of jurisdiction of the subject matter.*" (Emphasis added.)

Therefore, I do not think it is necessary or proper to dismiss this appeal without a decision on the merits, and for the reasons stated above, I dissent from the majority decision.