Cite as 2021 Ark. App. 290

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV-20-422

|  |  |  |
|---|---|---|
| DEVONA POWELL | | **Opinion Delivered** June 2, 2021 |
| | APPELLANT | APPEAL FROM THE LAFAYETTE COUNTY CIRCUIT COURT [NO. 37PR-14-23] |
| V. | | |
| KENNETH JAMES PARKER | | HONORABLE CARLTON D. JONES, JUDGE |
| | APPELLEE | REVERSED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Devona Powell appeals the circuit court's order in a guardianship proceeding claiming the circuit court did not have jurisdiction to grant appellee Kenneth Parker's motion for reconsideration after it failed to rule on appellee's motion within thirty days from the date the motion was filed. We agree and therefore reverse and reinstate the original judgment.

Devona[1] and Kenneth James Parker ("Kenneth") were appointed co-guardians of their father, Kenneth Jerald Parker's estate, in 2014. On March 28, 2016, Kenneth moved to remove Devona as a co-guardian of the estate and for an accounting alleging that Devona had improperly used estate funds for her personal expenses. Specifically, Kenneth alleged that Devona, as attorney-in-fact for her father, had executed multiple deeds conveying their

---

[1]Devona Powell was also appointed guardian of Kenneth Parker's person on the same date.

father's property to herself without the consent or approval of the court or Kenneth, as co-guardian. Kenneth's motion also included an itemized list of questionable expenditures drawn on their father's checking account by Devona that totaled $87,964.21 and requested an accounting at Devona's expense—including receipts of income and expenditures—and asked that the Court make Devona personally responsible for any and all expenditures that were not for the direct benefit of the ward. Devona filed a response wherein she disputed Kenneth's claims and alleged that Kenneth had taken several items of personal property of significant value from their father without accounting for any of the items.

On May 3, 2016, the circuit court ordered the parties to each file a full and complete accounting of all money and property of their father that had come into their respective possessions during their time of service as co-guardians and all expenditures and distributions of money or property, along with all supporting documentation (i.e., invoices or billing). Both parties complied and filed accountings with the circuit court. On July 14, Kenneth filed an objection to Devona's accounting challenging numerous entries for failing to provide an itemized explanation for over $45,000 in expenses claimed and for failing to list specific items of the estate. Kenneth's objections included Devona's failure to explain withdrawals in 2014 in the amounts of $73,068 from a Blue Chip checking account, a "cash" withdrawal of $226,817.73, as well as other withdrawals.

On December 16, 2016, and January 11, 2017, the circuit court entered temporary orders allowing Devona to continue to serve as guardian of her father's person; however, the court prohibited her from issuing any additional checks or making any draws on any of the estate's lines of credit without court approval. Devona was also prohibited from using

2

any power of attorney granted to her by her father. Devona was ordered to immediately sign a deed reconveying to her father his land that she had conveyed to herself and to sign a deed conveying to Kenneth his land that she had conveyed to herself. Kenneth was also prohibited from issuing any checks or making draws on any of the lines of credit without court approval. The trust department of Farmer's Bank and Trust in Magnolia, Arkansas, was appointed as temporary guardian of the estate and authorized to write checks, make deposits, and make payments on behalf of the estate and was given authorization to take possession of all of the ward's accounts. In addition, the circuit court appointed Randall Harris, a certified public accountant, to reconcile and audit the financial accounts and assets of the estate from January 1, 2014, through the current date. Once a report was completed, it was to be filed with the circuit court and copies given to each party.

A hearing was held on April 23, 2019, over 16 months after the forensic accounting was completed on December 11, 2017. The accounting was not filed of record prior to, but was filed as an exhibit to, the hearing by the circuit court. Two months later on June 21, the circuit court issued a "letter ruling" in which it expressed concern that the condition of the ward's estate was lacking because of an "apparent lack of accurate record keeping of expenditures from the estate" and incomplete accountings provided to the court by the parties. Specifically, the circuit court stated that "the co-guardians management of the estate throughout expended resources without any discernible way to account for the use of the ward's funds. It was nearly impossible to ascertain a picture of what expenditure inured to the benefit of the ward" without the circuit court retaining the outside forensic accountant. From the forensic accounting, the circuit court found that expenses in the amount of

$31,196.64 from the ward's property were questionable or unexplained expenditures. The forensic accounting also cost the estate $12,182.66. Thus, the circuit court ordered the parties to reimburse the estate $43,379.30 ($31,196.64 + $12,182.66) with each responsible for one-half of the amount ($21,689.65 each). The circuit court held that while Devona was primarily responsible for the day-to-day management of the ward's finances, Kenneth, as co-guardian also owed a fiduciary duty to be vigilant and to protect the estate of the ward, which he had not done in this case.

On July 1, Kenneth filed a motion to reconsider asking the circuit court to reconsider its June 21 letter ruling wherein both parties were held equally responsible for unexplainable or unauthorized expenses and for the cost of the forensic accounting. Kenneth claimed that he should not have to pay for any of the services associated with the forensic accounting because it was ordered due to Devona's improper accounting. He also argued that he complied with the circuit court's order to file an accounting and did not come into possession or control of any of the financial assets of his father; thus, he did not breach his duty as co-guardian of the estate. Kenneth contended that he filed a motion to have Devona removed as soon as he became aware of her suspicious behavior. Devona filed a response and objection to Kenneth's motion to reconsider denying his claims that she abused her position as co-guardian and also claiming that Kenneth had made numerous unaccounted-for transactions from the estate beginning in March 2012.[2]

---

[2]Devona's allegations of Kenneth's unauthorized and unaccounted-for transactions occurred in 2012, two years prior to the 2014 appointment of Kenneth as co-guardian of his father's estate.

4

On October 30, the circuit court entered the order[3] consistent with the June 21, 2019 letter ruling. On November 19, the circuit court held a hearing on Kenneth's motion to reconsider that was filed on July 1. Under Ark. R. Civ. P. 52(b)(1), a motion made before entry of judgment shall become effective and treated as filed on the day after the judgment was entered. Because the order was not filed of record until October 30, the motion to reconsider is deemed filed on October 31. Subsequently, the circuit court issued a second letter ruling on November 26 (which was file-marked November 27) (1) granting Kenneth's motion to reconsider upon finding that its initial assessment of liability to each party (to reimburse 50 percent) was counter to the clear preponderance of the evidence and was not a proper result and (2) amending the October 30 order by ordering Devona to reimburse the estate 85 percent of the total reimbursement found to be owed to the estate and ordering Kenneth to reimburse the remaining 15 percent. The circuit court ordered that these funds be reimbursed to the estate within sixty days and directed counsel to prepare an order consistent with the court's findings. An order consistent with the letter ruling was filed of record on December 12.

Devona now appeals from the December 12 postjudgment order that increased her percentage of liability to reimburse her father's estate from 50 percent to 85 percent. Devona seeks no relief from the original order ordering each party to reimburse the estate 50 percent of the $43,379.30 total amount of damages but argues that the circuit court erred in entering the order after it lost jurisdiction to enter an order granting the motion to

---

[3]It appears from the October 30 order that the precedent had been submitted to the circuit court in July of 2019, but for reasons unbeknownst to this Court, the order was not officially entered until October 30.

5

reconsider.  We hold that the circuit court was without jurisdiction to enter the order more than thirty days after the motion to reconsider was deemed filed on October 31, and we reinstate the original judgment and distribution of liability to the estate.

Rule 4(b)(1) of the Arkansas Rules of Appellate Procedure–Civil provides:

> Upon timely filing in the circuit court of a motion for a judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties.  The notice of appeal shall be filed within thirty (30) days from the entry of order disposing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

The supreme court has construed this rule to mean that if the circuit court does not enter an order granting or denying the particular posttrial motion within thirty days of the date the motion was filed, it loses the ability to do so.  *Wal-Mart Stores, Inc. v. Isely*, 308 Ark. 342, 823 S.W.2d 902 (1992).  In this case, Kenneth's motion to reconsider was filed on July 3.  However, because the circuit court did not enter its order granting Kenneth's motion until October 30, the motion to reconsider was treated as filed by the circuit court on October 31.  *See* Ark. R. Civ. P. 52(b)(1) (2020).  Therefore, Kenneth's motion to reconsider was deemed denied on November 30.  In accordance with our supreme court's holding in *Murchison v. Safeco Insurance Co. of Illinois*, 367 Ark. 166, 238 S.W.3d 11 (2006), the circuit court was without jurisdiction to enter the December 12 order granting Kenneth's motion.  Because the circuit court had lost jurisdiction, the December 12 order is void.  *See Upton v. Estate of Upton*, 308 Ark. 677, 828 S.W.2d 827 (1992).

Kenneth maintains that within the thirty-day time period, a hearing was held on his motion and that the circuit court rendered a decision by letter opinion; therefore, there was no deemed denial of his motion to reconsider, and the circuit court retained jurisdiction to grant his motion. We disagree. We have held that letter opinions do not constitute a judgment but rather provide the basis for the subsequent judgment. *Clark v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 286, 493 S.W.3d 782. In fact, the November 26 letter opinion clearly contemplated the entry of a formal order and directed counsel to prepare it. That was not effectuated until December 12, when the formal order was entered.

Accordingly, because the order granting Kenneth's motion to reconsider was not entered until more than thirty days after the filing of the motion to reconsider, we must reverse and reinstate the original distribution of liability between the co-guardians.

Reversed.

GRUBER and WHITEAKER, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Harrell, Lindsey & Carr, P.A.*, by: *Paul E. Lindsey*, for appellee.