The CINCINNATI INSURANCE COMPANY *v.*
Kyle B. JOHNSON

06-355                                                    241 S.W.3d 264

Supreme Court of Arkansas
Opinion delivered October 12, 2006

[Rehearing denied November 16, 2006.*]

---

* BROWN, J., not participating.

*Jessica Feierman; Mixon Parker & Hurst, PLC,* by: *Donn Mixon,* for appellant.

*Chaney Law Firm, P.A.,* by: *Don P. Chaney,* for appellee.

JIM GUNTER, Justice. This appeal arises from an order granting a motion for new trial filed by appellee, Kyle B. Johnson, after a Greene County jury entered judgment in his favor in a case for underinsured motorist benefits arising from a motor-vehicle accident involving Johnson and Suzanne King, who was insured by appellant, The Cincinnati Insurance Company (Cincinnati). Cincinnati now appeals the order granting Johnson's motion for new trial. We reverse the circuit court's order and dismiss the appeal.

On November 7 and 8, 2005, a twelve-person jury returned a verdict in favor of Johnson, and on November 23, the circuit court entered an order consistent with the jury's verdict. On December 5, 2005, Johnson filed a motion for judgment notwithstanding the verdict and a motion for new trial. In his motions, Johnson argued that the jury properly found that he suffered injuries that were caused by the collision, for which he was awarded $6,268.80 for past and future medical expenses, respectively. Johnson asserted that the jury failed to assess damages for each element of damages, including pain and suffering in the past and future, as well as mental anguish. Johnson requested that the circuit court set aside the jury verdict in the amount of $12,537.60, and enter a judgment notwithstanding the verdict (JNOV) in a reasonable amount for each of the elements of damages. Alternatively, Johnson requested a new trial under Ark. R. Civ. P. 50(b)(3).

On January 5, 2006, the circuit court held a hearing by telephone conference on Johnson's motions for JNOV and for new trial. After hearing arguments and reviewing the pleadings, the circuit court granted Johnson's motion for new trial pursuant to Ark. R. Civ. P. 59. In its order, the circuit court stated that it instructed the jury to award Johnson each of the other elements of damages in accordance with AMI Jury Instruction 2201. The court found that (1) the jury found from a preponderance of the evidence that the admitted negligence of Suzanne King [Cincinnati's insured] was a proximate cause of any damages suffered by Johnson; and (2) the itemized jury verdict showed a jury verdict for Johnson in the amount of $6,268.80 for past medical bills,

$6,268.80 for future medical bills, $0 for past pain and suffering, $0 for nature and extent of injury, $0 for future pain and suffering, $0 for past mental anguish, $0 for future mental anguish, and $0 for loss of ability to earn in the future. The circuit court ruled that "[t]here was no rational basis for the jury to return a verdict in favor of the plaintiff on the issue of admitted negligence of the tortfeasor being 'a proximate cause' of damages suffered by the plaintiff, and to award the plaintiff all of his past medical bills and a like sum for future medical bills, but to not award anything for pain and suffering based upon injuries that the defense admitted included a broken finger, cervical strain, and other injuries." The court set aside the judgment and granted Johnson's motion for new trial. From this order, Cincinnati brings its appeal.

For its first point on appeal, Cincinnati argues that the circuit court did not have jurisdiction to issue its January 5, 2006, order granting Johnson's motion for new trial. Specifically, Cincinnati contends that the circuit court did not grant a new trial within thirty days, as required by Ark. R. Civ. P. 59(b), and Johnson's motion was deemed denied on the thirtieth day. Cincinnati asserts that the circuit court was without jurisdiction to enter its order after the thirty-day period under Rule 59(b).

Johnson responds, arguing three points to affirm the circuit court's order. First, Johnson contends that the circuit court should be affirmed in granting a new trial because Cincinnati lacked standing to challenge the circuit court's order thirty-one days after the filing of Johnson's motion for new trial. Second, Johnson maintains that the circuit court's order should be affirmed because his constitutional right to due process was violated. Third, appellant argues that the circuit court retained jurisdiction to conduct a hearing and to rule on his motion for new trial under Amendment 80 of the Arkansas Constitution.

Rule 59(b) establishes when a new trial motion shall be filed, and provides as follows:

> (b) *Time for Motion.* A motion for a new trial shall be filed not later than 10 days after the entry of judgment . . . . If the court neither grants nor denies the motion within 30 days of the date on which it is filed or treated as filed, it shall be deemed denied as of the 30th day.

*Id.; see also* Ark. R. App. P. 4(b)(1).

We have held that a trial court loses jurisdiction to act on a Rule 59 motion thirty days after the motion is filed. *Reis v. Yates,*

313 Ark. 300, 854 S.W.2d 335 (1993). We similarly held in *Wal-Mart Stores, Inc. v. Isely*, 308 Ark. 342, 823 S.W.2d 902 (1992), where Isely brought a personal-injury action on behalf of his daughter against Wal-Mart, and the jury returned a verdict in Wal-Mart's favor. The circuit court entered the order on April 2, 1991, and Isely filed a motion for new trial on April 9, 1991. A hearing was not held until June 7, 1991, and the order granting the new trial was not entered until June 19, 1991. We reversed and dismissed, holding that the circuit court lost jurisdiction of the motion by failing to rule on it within thirty days after filing. *Id.*; *see also McCoy v. Moore*, 338 Ark. 740, 1 S.W.3d 11 (1999) (holding that a motion to vacate was treated as a motion for new trial, which was deemed denied after thirty days).

With this precedent in mind, we turn to the present case. Here, the jury awarded Johnson damages for past and future medical expenses, and the circuit court entered an order consistent with the jury's findings on November 21, 2005. On December 5, 2005, Johnson filed his motion for new trial. The filing of his motion for new trial was within the ten-day requirement of Rule 59(b). *See also* Ark. R. Civ. P. 6(a). On January 5, 2006, the circuit court entered its order granting a new trial thirty-one days after Johnson filed his motion for new trial. Thus, the circuit court's order is without effect because it failed to act on Johnson's motion within the thirty-day period following its filing. The motion was deemed denied on Wednesday, January 4, 2006, and the circuit court did not have jurisdiction to act beyond that date. *See McCoy, supra.* Therefore, we conclude that the circuit court lost jurisdiction to rule on that motion. *See Wal-Mart Stores, supra.*

We now address Johnson's other arguments made to this court. Johnson concedes in his brief that the order granting a new trial was filed on the thirty-first day. However, Johnson argues that the circuit court properly granted his motion for new trial because Cincinnati lacked standing to challenge the motion because it did not exhaust its remedies in the circuit court below. Specifically, Johnson contends that Cincinnati waived its jurisdictional objection by failing to bring the deemed-denied rule to the court's attention during the telephone hearing on January 5, 2006.

Johnnson's argument is misplaced for the following reasons. First, we have said that the question of whether the trial

court acted in excess of its authority becomes a matter of subject-matter jurisdiction and may be raised *sua sponte*. *O'Connor v. State*, 367 Ark. 173, 238 S.W.3d 104 (2006). Second, Johnson couches his argument in terms of Cincinnati's standing, but rather, he makes a preservation argument with regard to Cincinnati's waiving jurisdiction by participating in the January 5 hearing. We have said, in our unvarying application of the rule, that subject-matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court. *Hilburn v. First State Bank of Springdale*, 259 Ark. 569, 576, 535 S.W.2d 810, 814 (1976). Thus, the issue of jurisdiction is properly before us.

Further, Johnson argues that the circuit court correctly granted his motion for new trial because to do otherwise will violate his constitutional due-process right to a hearing. Specifically, Johnson asserts that the "deemed-denied" provision of Rule 59(b) precludes "his opportunity to have a requested hearing." Johnson also makes a separation-of-powers argument, citing the language of Amendment 80.

We have said that the failure to obtain a ruling on an issue at the circuit court level, including a constitutional issue, precludes review on appeal. *Huddleston v. State*, 347 Ark. 226, 61 S.W.3d 163 (2001). Here, we do not find any evidence in the record that Johnson raised his due-process and separation-of-powers arguments to the circuit court or that the circuit court ruled on these arguments. Absent in the record is a transcript of the telephone conference on January 5, 2006, where Johnson could have raised these issues. Johnson attributes his lack of a hearing to a scheduling delay by Cincinnati's counsel. However, Johnson provides no adequate explanation as to why the hearing could not have taken place at any time during the thirty-day period, nor does he point us to any ruling on the constitutional issues. Unless a hearing is requested by counsel or ordered by the court, a hearing will be deemed waived and the court may act upon the matter without further notice after the time for reply has expired. Ark. R. Civ. P. 78(c). For these reasons, we are precluded from reaching the merits of Johnson's due-process and separation-of-powers arguments.

Based upon the foregoing conclusions, we hold that the circuit court was without jurisdiction to hold the hearing and to enter the order on January 5, 2006, on Johnson's motion for new

trial. Accordingly, we lack jurisdiction to consider the issues, and we dismiss the appeal. *See Murchison v. Safeco Ins. Co. of Illinois*, 367 Ark. 166, 238 S.W.3d 11 (2006).

Reversed and dismissed.

BROWN, J., not participating.