2009 Ark. App. 195

**OFFICE OF CHILD SUPPORT ENFORCEMENT,**
Appellant

v.

**Loren E. DICKENS, Appellee.**

**No. CA 08–1206.**

Court of Appeals of Arkansas.

March 18, 2009.

G. Keith Griffith, Office of Child Support Enforcement, Van Buren, for appellant.

Andy Riner, Mena, for appellee.

JOHN B. ROBBINS, Judge.

Appellant Office of Child Support Enforcement (OCSE) appeals from an order entered August 6, 2008, in which appellee Loren E. Dickens was ordered to pay $810.40 in child-support arrearages. The trial court had previously entered an order on May 12, 2008, awarding OCSE a judgment of $3413.21 for unpaid child support. On appeal, OCSE argues that the trial court lacked jurisdiction to enter the August 6, 2008, order, and that therefore that order is void. Because it was within the trial court's jurisdiction to enter the order, we affirm.

This case arose from a decree entered on June 13, 1997, wherein Mr. Dickens was found to be the father of Allen K. Pollard.

The mother is Krissi Hammer, and the child was born out of wedlock on April 15, 1996. Pursuant to the decree, Mr. Dickens was ordered to pay $32.50 in weekly child support through OCSE.

On June 1, 2007, OCSE filed a motion for citation against Mr. Dickens, alleging that a substantial child-support arrearage had accrued since entry of the June 13, 1997, order. After a hearing on the motion, the trial court entered an order on February 26, 2008, finding that an arrearage of $5648.40 had accrued through the end of January 2008. Although a judgment was entered, the order further provided that the case would be reviewed on April 22, 2008, at which time Mr. Dickens was to appear with documents relating to Social Security benefits that had been awarded as a result of his disability.

A hearing was held on April 22, 2008, pursuant to the trial court's previous order. Based on that hearing, the trial court entered an order dated April 22, 2008, but filed on May 12, 2008, finding that dating back to June 1, 2006, the child had received benefits from Mr. Dickens' Social Security award in the amount of $292 per month. The trial court abated future child-support payments in lieu of the monthly disability payments. Furthermore, the trial court gave Mr. Dickens credit for disability payments received by the child against any child support that became due after June 1, 2006. As a result, the trial court reduced Mr. Dickens' child-support arrearage to $3413.21.

Subsequent to the April 22, 2008, hearing, but prior to the order entered May 12, 2008, Mr. Dickens filed a motion on April 30, 2008, wherein he asserted:

1. That on February 12, 2008, this Court found that the Defendant had accrued child support arrearage in the amount of $5,648.40 as of January 31, 2008.

2. After the February 12 hearing the minor child received a back pay award from Social Security in the amount of $4,838.00 which should be applied toward extinguishment of the $5,648.40 arrearage. After applying said payment, there should be a balance due of $810.40.

3. The order entered by this Court under date of April 22, 2008, which was not approved by the Defendant, fails to give proper credit for said payment and reflects an unpaid balance of $3,413.21 rather than $810.40.

4. This Court should amend the total inclusive balance due to reflect a balance due of $810.40 rather than $3,413.21.

WHEREFORE, Loren E. Dickens prays that this Court amend its order dated April 22, 2008, to reflect a correct balance due of $810.40 rather than $3,413.21, and for all relief to which he may be entitled.

A letter from the trial court's assistant dated May 7, 2008, and indicating a fax delivery time of 2:51 p.m. on that date, provided:

RE: OCSE vs Dickens

Circuit Court Scott County, Case No. E–1996–242

Dear Counselors:

The above referenced cause has been set on the docket for Tuesday, June 24, 2008 at 9:30 a.m. at the Scott County Courthouse in Waldron, Arkansas before the Honorable Terry Sullivan. Hearing time will be limited to 30 minutes.

Any objection to the date, time, or type of setting must be received by the Court within seven (7) days from the date of this notice; otherwise, the objection will be deemed to have been waived.

Inexplicably, this letter was file-marked March 7, 2008. On May 16, 2008, OCSE submitted a trial brief arguing that Mr. Dickens should not be entitled to an offset against any child-support arrearages that accrued prior to June 1, 2006, and thus that the arrearage owed should remain $3413.21. Mr. Dickens submitted a trial brief on May 27, 2008, arguing that his disability benefits should be applied to all of the arrearages, including those that accrued before June 1, 2006.

A hearing was held on June 24, 2008. At the hearing, Mr. Dickens testified about the extent and duration of his disabilities, and both parties gave arguments regarding their respective positions about whether or not the disability benefits should be applied against the total arrearage. At the conclusion of the hearing, the trial court announced, "Okay, after taking the motion into account, I am going to find that after the amount of the Social Security, $4838 is applied toward the $5648.40 arrearage as of January 31, 2008, there will be a balance due of $810.40 as of January 31, 2008 instead of $3413.21." On August 6, 2008, the trial court entered an order to that effect.

On appeal, OCSE argues that the August 6, 2008, order was void, having been entered without jurisdiction. OCSE relies on Arkansas Rule of Civil Procedure 59(b), which provides:

*Time for Motion.* A motion for a new trial shall be filed not later than 10 days after the entry of judgment. A motion made before entry of judgment shall become effective and be treated as filed on the day after the judgment is entered. If the court neither grants nor denies the motion within 30 days of the date on which it is filed or treated as filed, it shall be deemed denied as of the 30th day.

OCSE asserts that Mr. Dickens' motion filed on April 30, 2008, which requested relief from the order arising from the April 22, 2008, hearing, was in essence a motion for new trial. However, the order being challenged was not entered until May 12, 2008. Therefore, according to OCSE, pursuant to Rule 59(b) Mr. Dickens' motion became effective and was treated as filed on May 13, 2008. OCSE submits that because the trial court neither granted nor denied the motion within 30 days, by rule it was deemed denied on June 12, 2008. A trial court loses jurisdiction to act on a motion for new trial by failing to rule on it within 30 days after filing. *Cincinnati Ins. Co. v. Johnson,* 367 Ark. 468, 241 S.W.3d 264 (2006). Because the trial court in the present case did not take action on Mr. Dickens' motion until entering an order on August 6, 2008, OCSE contends that jurisdiction was lost and that the order is void.

OCSE acknowledges that when the trial court held a hearing on Mr. Dickens' motion on June 24, 2008, it did not bring the deemed-denied rule to the trial court's attention or raise the issue of jurisdiction. However, in *Cincinnati Ins. Co. v. Johnson, supra,* the supreme court said in its unvarying application of the rule, that subject-matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by the appellate court. That being the case, OCSE argues that the August 6, 2008, order must be reversed for want of jurisdiction.

We hold that the trial court had jurisdiction to enter the August 6, 2008, order modifying the amount of child-support arrearages under Arkansas Rule of Civil Procedure 60(a), which provides:

(a) *Ninety–Day Limitation.* To correct errors or mistakes or to prevent the miscarriage of justice, the court may

modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

Unquestionably, a trial court has broad authority to correct nonclerical mistakes or errors so as to prevent a miscarriage of justice if the court does so within ninety days of the filing of its decree or order. *Lord v. Mazzanti,* 339 Ark. 25, 2 S.W.3d 76 (1999). In this case, the trial court entered the order now on appeal eighty-six days after entry of its original order.

While OCSE asserts, and Mr. Dickens agrees, that Mr. Dickens' motion filed on April 30, 2008, was effectively a motion for new trial under Rule 59, the contents of the motion demonstrate otherwise. In his motion, Mr. Dickens did not ask for a new trial but rather requested that the trial court enter an order reducing his balance from $3413.21 to $810.40. This request did not require the taking of additional evidence, but rather an application of the Social Security benefits received by the child against Mr. Dickens' total child-sup-

port arrearage. Mr. Dickens' motion is best characterized as a Rule 60(a) motion for modification of the prior order, and the trial court modified its order within ninety days to correct an error and prevent a miscarriage of justice as authorized by the rule. Moreover, it cannot be said that Mr. Dickens' motion was deemed denied prior to the issuance of the trial court's August 6, 2008, order, because there is no deemed-denied provision in Rule 60. Because the trial court had jurisdiction to enter the order modifying the amount of child-support arrearages, and jurisdiction is the only issue raised by OCSE in this appeal, the order is affirmed.

Affirmed.

KINARD and BAKER, JJ., agree.