DONALD L. CORBIN, Justice, dissenting. The question of whether the circuit court acted in excess of its authority becomes a matter of subject-matter jurisdiction and may be raised sua sponte. Cincinnati Ins. Co. v. Johnson, 367 Ark. 468, 241 S.W.3d 264 (2006). In our unvarying application of the rule, we have stated that subject-matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court. Id. Because the circuit court did not properly have subject-matter jurisdiction of this case, I respectfully dissent. In Ingle v. Arkansas Department of Human Services, 2014 Ark. 53, 431 S.W.3d 303, Chief Justice Hannah and I joined Justice Danielson’s concurrence in part and dissent in part because the case focused primarily on an uncertain and potentially dangerous set of circumstances surrounding the minor, C.N., between November 2012, when the circuit court awarded custody, and February 6, 2014, the date of this court’s opinion. Justice Danielson illuminated lathis concern by stating that the instant case is one of dependency-neglect, which is exceedingly different from the ordinary case in equity. Even if the record could be considered fully developed in the instant case, the record before us most certainly concludes with the circuit court’s 2012 order, and there is absolutely no way of knowing what has transpired in these people’s lives since that time.... Nonetheless, it is C.N.’s best interest that is the polestar consideration, and I, for one, think the more responsible course and prudent disposition would be for this court to reverse and remand, such that further proceedings in the matter could be had. Ingle, 2014 Ark. 53, at 10-11, 431 S.W.3d at 309. The majority in Ingle, in an unprecedented break from authority, qualified the disposition of the case as follows: Accordingly, we reverse the circuit court’s order and remand with directions for the court to return custody of C.N. to Ingle. Of course, this court cannot know what has transpired since the circuit court entered its order vesting custody in Neal. If facts have developed during the pendency of the appeal that would cause serious concern about returning C.N. to Ingle’s care, any party may file a petition requesting the circuit court to address those matters. Ingle, 2014 Ark. 53, at 9, 431 S.W.3d at 308 (emphasis added). On February 19, 2014, this court issued its mandate, and the mandate was filed in the Washington County Circuit Court on February 21, 2014. When the mandate was filed in the circuit court, this court lost jurisdiction to the circuit court. Brimson v. Brimson, 228 Ark. 562, 309 S.W.2d 29 (1958). The Washington County Circuit Court, at that point in the case, was in the untenable position of following the majority’s qualified disposition and the directive of the mandate “to return custody of C.N. to Ingle,” who, as the facts in the record reveal, had been released from jail on a $10,000 bond and faced six felony charges in the Washington County Circuit Court, including aggravated robbery, a Y felony. The majority now claims that | i3[t]his directive was qualified in that the opinion included the caveat that any party was authorized to file a petition to alert the circuit court of any “serious concerns” that should be addressed before returning the child to Ingle’s custody. Therefore, when this court issued the mandate and remanded the case, the circuit court was vested with jurisdiction to either enter an order placing custody of the child with Ingle or to entertain a petition to address matters of serious concern that had occurred during the pendency of the appeal. Here, the majority is sorely mistaken in its reasoning because its qualified disposition. gave unprecedented authority to the parties in the case-not to the Washington County Circuit Court. It is axiomatic that the lower court is bound by the judgment or decree of a higher court as law of the case and must carry the decision of the higher court into execution pursuant to the mandate issued by that court. Pro-Comp Mgmt., Inc. v. R.K. Enters., LLC, 366 Ark. 463, 237 S.W.3d 20 (2006). We have made it very clear that “[d]irections by an appellate court to the trial court as expressed by the opinion and the mandate must be followed exactly and placed into execution.” Smith v. AJ & K Operating Co., 365 Ark. 229, 233, 227 S.W.3d 899, 902 (2006) (quoting Wal-Mart Stores, Inc. v. Regions Bank Trust Dep’t, 356 Ark. 494, 499, 156 S.W.3d 249, 253 (2004)). Thus, the majority’s sole directive to the circuit court was to return custody of the minor child to Ingle, who recently had been released from prison, without a hearing upon remand to determine the child’s best interest. As an appellate court, we do not also give directives to or address the parties upon remand. Because of the majority’s erroneous qualified disposition in Ingle, the circuit court was without subject-matter jurisdiction to entertain DHS’s petition for emergency hearing. After the mandate was filed in the Washington County Circuit Court on February 21, 2014, DHS filed a petition for emergency hearing under the same docket number, CV-13-570, as the | uprevious case appealed to this court. On February 28, 2014, the circuit court entered an order setting an emergency hearing in the case, noting it was “Remanded by [the] Arkansas Supreme Court” in “Case CV-13-570.” Here, the circuit court erred because, cognizant of our limited directive to return custody to Ingle, it should have dismissed DHS’s petition for lack of subject-matter jurisdiction. Instead, the circuit court exceeded its jurisdiction by entertaining DHS’s petition for emergency hearing docketed under the same case number. Additionally, DHS could have retained custody of C.N. with Neal while it opened a new dependency-neglect case by filing a new petition for emergency custody, with a new docket number, seeking an emergency removal of custody from Ingle because of her six felony charges. See Ark.Code Ann. § 9-27-310' (Repl.2009). While I am sympathetic to the circuit court and DHS because of the predicament that resulted from the majority’s qualified disposition in the prior appeal, I cannot ignore the plain fact that the circuit court acted wholly without jurisdiction. When the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. See Clark v. State, 362 Ark. 545, 210 S.W.3d 59 (2005) (citing Priest v. Polk, 322 Ark. 673, 912 S.W.2d 902 (1995)). For these reasons, I would dismiss the appeal for lack of subject-matter jurisdiction. HANNAH, C.J., and DANIELSON, J., join in this dissent.