Cite as 2025 Ark. App. 260

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-24-150

| | | |
|---|---|---|
| | | Opinion Delivered April 23, 2025 |
| KODY FITZHUGH | | |
| | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63DR-23-130] |
| V. | | |
| | | HONORABLE JOSH FARMER, JUDGE |
| BRYAN FITZHUGH | | |
| | APPELLEE | |
| | | DISMISSED |

**MIKE MURPHY, Judge**

In this one-brief appeal, appellant Kody Fitzhugh appeals the decision of the Saline County Circuit Court changing the joint custodial arrangement she shared with appellee Bryan Fitzhugh of their three children, who at the hearing were ages 7, 5, and 4. The court granted Bryan sole custody, and Kody appeals, arguing that no material change existed such that a change of custody was in the children's best interest. Kody's appeal is untimely. We dismiss.

Kody and Bryan were married in March 2019 and divorced by an agreed order entered February 2, 2022. That decree provided that the parties would share joint custody of the children on an alternating week schedule.

On March 3, 2023, Bryan filed a motion for modification of custody. In that motion, he alleged that the children were being neglected in their mother's care, returned to his

custody dirty, and developing disruptive behavior. Kody responded, generally denied the allegations, and a two-day hearing was held on the matter.

At the conclusion of the hearing, the court granted Bryan's petition, finding there had been a material change in circumstances, and it was in the best interest of the children to change custody. The court did not find either party in contempt but noted several issues that contributed to the decision. These included the fact that Kody was not allowed at the children's daycare, the inconsistency in the children's bathing routine, and another family living in the apartment with Kody and the children. The court also noted concerns about the company Kody keeps and the "totality of the circumstances" affecting the children.

An order to that effect was entered on October 25, 2023. The order further provided that:

> 3. The Court finds, from the totality of the circumstances, that custody of the three minor children. . . should be placed with the Plaintiff, Bryan Fitzhugh. Those items that the Court considered in making this change of custody were the mother's living situation, where another family moved in to her apartment for approximately 4 months, her choice of company, who were felons, the children being kicked out of daycare, their baths, and other matters presented to the Court through testimony of parties and witnesses. The Plaintiff will therefore have custody of the minor children, subject to reasonable visitation by the Defendant. The Defendant's visitation shall consist of visitation at least every other weekend and one night per week, and alternating holidays. If the parties cannot agree to the holiday visitation they will follow the holiday chart below[.]

Without anything in the record indicating that it was made by a motion or a request, an "Amended and Substituted Order for Change of Custody" was then entered on November 8. That order was exactly the same as the October 25 order with the exception of

2

the opening paragraph and a change to one sentence in paragraph 3. The opening paragraph provided that

> [a]n Order was entered on the 25th day of October, 2023, and there appears to be a need for specific times of pickup and delivery of the children; and the Plaintiff appearing in person and by and through his attorney, Meredith Wineland and the Defendant appearing in person and by and through her attorney, Kristin Riggan; and the Order of the 25th day of October is amended and substituted to place specific pickup and drop off times in paragraph 3 as follows[.]

And in paragraph 3, the sentence "[t]he Defendant's visitation shall consist of visitation at least every other weekend and one night per week, and alternating holidays" was changed to read:

> The Defendant's visitation shall consist of visitation at least every other weekend from Friday at 6:00 p.m. until Sunday at 6:00 p.m. and one night per week, which the parties currently agree to Thursday where the children shall be picked up from school by the Defendant, and returned to school or daycare the following day, and alternating holidays.

Then, on November 17, another "Amended and Substituted Order for Change of Custody" was entered. That order had the same opening order as the first amended order, except that the phrase "the children shall be picked up from school by the Defendant, and returned to school or daycare the following day" was changed to "the children shall be picked up after school, and returned to school or daycare the following day."

Kody filed a notice of appeal on November 30, 2023, stating that she was appealing from the November 8 and 17 orders and "all other orders leading up to that Order." She also filed a motion for new trial on that date. On appeal, Kody argues that this record does not support a finding of material change of circumstances. Because Kody did not appeal

3

from the October 25, 2023 order, which is the order that first addressed all her issues now on appeal, we dismiss.

The timely filing of a notice of appeal is a jurisdictional issue this court is obligated to raise sua sponte. *Ellis v. Ark. State Highway Comm'n*, 2010 Ark. 196, at 4, 363 S.W.3d 321, 324.

In this case, the circuit court entered an order modifying custody on October 25, 2023. That order contained the court's dispositive findings and resolved the contested issue between the parties. Kody's arguments on appeal stem from issues that were first addressed in that order. Under Rule 4(a) of the Arkansas Rules of Appellate Procedure–Civil, with a few exceptions, a notice of appeal must be filed within thirty days from the entry of the final judgment, order, or decree. Kody therefore had until November 27 to file her notice of appeal.[1] She did not. Nor did her posttrial motion extend the deadline to file because it was filed after ten days from the entry of the October 25 order. *See* Ark. R. App. P.–Civ. 4(b)(1). This leads us to the amended orders.

A circuit court has broad authority to modify or vacate an order to correct errors or mistakes or to prevent the miscarriage of justice. Ark. R. Civ. P. 60(a). It may do so on its own motion. *Id.*; *Off. of Child Support Enf't v. Dickens*, 2009 Ark. App. 195, at 5–6, 300 S.W.3d 122, 125. But if the issues on appeal were resolved in the original order, and the subsequent leaves those portions unchanged, then without a notice of appeal from that

---

[1]Thirty days from October 25, 2023, fell on the Friday after Thanksgiving, giving Kody until the following Monday, November 27, to file a timely notice of appeal.

original order, the only thing left for this court to review is grievances concerning whatever was modified. *Kindiger v. Huffman*, 307 Ark. 465, 466, 821 S.W.2d 33, 34 (1991) ("Unquestionably, either party aggrieved by such correction may bring a timely appeal, but the appeal is not from the original order, or judgment, but from the order purporting to correct it.").

In *Kindiger*, our supreme court considered whether a party could appeal from a Rule 60(a) amended order when the issues on appeal stemmed from an earlier dispositive judgment.[2] The amended order altered distribution provisions, changing the language from "all income prior or earned subsequent to the death of Betty Jane Mantooth not previously distributed" to "all income earned subsequent to the death of Betty Jane Mantooth as earned on trust corpus not previously distributed after June 20, 1988," which limited the beneficiaries' share to income earned only after Betty Jane's death and excluded any income earned before. Kindiger, a beneficiary, filed a timely notice of appeal from the amended order. But on appeal, she did not challenge the new income distribution language; instead, she raised issues directed at the original 1989 declaratory judgment. Specifically, on appeal,

---

[2]When *Kindiger* was decided, Rule 60(a) addressed only the correction of clerical mistakes. It has since been amended to permit a court, within ninety days of entry, to modify or vacate an order "[t]o correct errors or mistakes or to prevent the miscarriage of justice." Under subsection (b), clerical errors may still be corrected at any time.

In this case, the amended custody orders were entered within ninety days, and they therefore fall within Rule 60(a). Given the scope of the amendment in *Kindiger*, one could also argue that the changes in the case at bar are likewise clerical. Regardless, the outcome is the same.

she challenged the court's finding that her mother had a vested and assignable interest in the trust and that such interest passed to her mother's spouse under her will.

Analyzing the issue under the version of Rule 60(a) then in effect, our supreme court considered the amendment necessary to address a "clerical mistake." It explained that, because the time to appeal that original dispositive order had long passed, dismissal was necessary for lack of jurisdiction because a clerical modification does not revive the time to appeal where the issue raised on appeal concerns matters decided in the original ruling.

But this rule regarding when the notice of appeal should be filed applies regardless of whether the mistake is clerical or substantive: when the appeal concerns matters decided in the original order and left unchanged, there must be a notice of appeal from that order, not just from the amended order. 4 C.J.S. *Appeal and Error* § 378, Westlaw (database updated Dec. 2024); *see also Griggs v. Cook*, 315 Ark. 74, 864 S.W.2d 832 (1993) (stating in dicta that where there was no notice of appeal from the original order granting summary judgment, the amended order also granting summary judgment but for entirely different reasons could not be appealed) (decided on other grounds).

Here, the circuit court entered amended orders clarifying pickup and drop-off instructions, but Kody's appeal does not concern those logistical changes. It challenges the custody determination made in the October 25 order, which remained unchanged in both amendments. This court's consideration of these arguments on appeal from the amended orders would effectively permit a party to revive an otherwise untimely appeal by prompting

6

minor but practical modifications.[3] Because Kody's notice of appeal was filed more than thirty days after the dispositive order, and her arguments concern the earlier ruling, we lack jurisdiction to consider them.

Dismissed.

KLAPPENBACH, C.J., and ABRAMSON, J., agree.

*Recharge Firm*, by: *Kristin Riggan* and *Kevin Archer*, for appellant.

One brief only.

---

[3]That is, something more than a clerical error that, when corrected, both relates back to the original order nunc pro tunc and also precludes an appeal if the notice of appeal was untimely to that original order. *See generally Francis v. Protective Life Ins. Co.*, 371 Ark. 285, 292, 265 S.W.3d 371, 122 (2007) ("For us to hold otherwise would require a finding that the November 10 order amended the November 3 order, replacing it as the final, appealable order. This we cannot do."). Likewise here, the later amended custody orders did not wholly change the October 25 order such that it effectively replaced it for purposes of restarting the clock to appeal these issues.